IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-157-PLR-DCP |
| | ) | |
| DAVID WELLS, and | ) | |
| JOSEPH STANTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case came before the Court on January 31, 2019, for a scheduled motion hearing on Defendant Joseph Stanton's Motion to Continue [Doc. 55], filed on January 28, 2019. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Scott Allan Lanzon represented Defendant David Wells. Attorney Wesley D. Stone appeared with Defendant Joseph Stanton. Both Defendants were also present.

Before addressing the Motion to Continue, the Court observed that Attorney Norman D. McKellar entered a Notice of Appearance [Doc. 56] in this case on January 29, 2019. Mr. McKellar was present at the hearing and explained that he would be local counsel assisting Attorney Paige Pate, who was also present. Mr. Pate said that he would be filing a motion to appear *pro hac vice* in this case. Mr. Stone made an oral motion to withdraw from his representation of Defendant Stanton, in light of the Defendant's retaining Attorneys Pate and McKellar. Mr. Stone asked that the record reflect that he was providing new counsel with the

Defendant's file to include the discovery received from the Government, the transcript of the detention hearing, and copies of state criminal court judgments.

The Court appointed [Doc. 10] Mr. Stone, pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, at Defendant Stanton's initial appearance in the case on October 4, 2018. The Defendant has now retained Attorneys Norman McKellar and Paige Pate to represent him in this case. Mr. Pate and Mr. McKellar confirmed that they now represent Defendant Stanton. Accordingly, Mr. Stone's oral motion to withdraw from representing Defendant Stanton is **GRANTED**, and Mr. Stone is relieved of further representation of the Defendant. Mr. McKellar is **SUBSTITUTED** as Defendant Stanton's counsel of record.[1] The Court also provisionally recognizes Mr. Pate as counsel of record for Defendant Stanton, contingent upon him filing a motion to appear *pro hac vice*, as soon as possible.

Mr. Pate asked to adopt the Motion to Continue [Doc. 55], filed by prior counsel. In this motion, Defendant Stanton asks the Court to continue the April 23, 2019 trial date, the motion hearing, the plea deadline, and other relevant deadlines. The motion notes that Defendant Stanton has filed several pretrial motions and is engaged in negotiations with the Government. Defendant Stanton states that defense counsel needs additional time to investigate and evaluate the Government's case and the evidence it intends to present against the Defendant, in order to provide

---

[1] The Court notes that on January 28, 2019, the Defendant Stanton's mother filed a *pro se* Motion to Proceed In-personam and Petition for Writ of Habeas Corpus and Motion to Reserve All Rights [Doc. 58] on behalf of Defendant Stanton. At the January 31 hearing, the Court advised Defendant Stanton that a party represented by counsel cannot file motions in his own behalf, pursuant to Local Rule 83.4(c). The undersigned has previously [Doc. 30] denied *pro se* motions from Defendant Stanton for this same reason. The Court informed the Defendant that it would not consider his current *pro se* filing but that his attorneys could review this filing and bring any appropriate motion by the new motion deadline. Accordingly, the Defendant's *pro se* motion [**Doc. 58**] is **DENIED** as improvidently filed.

effective representation.  At the January 31 hearing, Mr. Pate observed that prior counsel filed seven pretrial motions on behalf of Defendant Stanton.  Mr. Pate requested time to review and evaluate these motions, to determine whether to pursue them, as well as time to file additional motions, if necessary and appropriate.  Mr. Lanzon stated that Defendant Wells had no objection to the Motion to Continue.

AUSA Davidson said the Government also did not object to continuing the trial and other deadlines in this case.  She observed that a third codefendant had yet to enter the case.  She noted that this defendant was arrested in California on January 30, 2019, and would be transported to this district.  The parties agreed on a new trial date of August 6, 2019.

The Court finds Defendant Stanton's motion to continue the trial and other pretrial deadlines to be unopposed and well-taken.  The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The Court begins by observing that the Indictment [Doc. 4, SEALED] charges Defendants Wells and Stanton and another named defendant, who has yet to appear in the case, with conspiring to distribute one thousand kilograms of marijuana from October 2015 to September 10, 2018 (Count One) and to launder the proceeds thereof (Count Three).  Defendant Wells is also charged with possessing firearms in furtherance of a drug trafficking crime (Count Two).  The third codefendant was arrested in California on January 30, 2019, and will be transported to this district.  The Defendants have previously informed the Court that the discovery in this case is voluminous [*see* Doc. 34].

The Court also observes that Defendant Stanton has filed seven pretrial motions, including a Motion to Suppress Evidence [Doc. 46] seized in a search of his residence.  *See* 18 U.S.C. §

3161(h)(1)(D). New counsel for Defendant Stanton seek time to determine whether to pursue these motions and to file additional motions, if appropriate. The Court set a new motion hearing on April 2, 2019. Following this hearing, the Court will need time to prepare rulings or a report and recommendation on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). If the dispositive motion is litigated, the parties will need time to file objections to the report, and the District Judge will need time to rule on the dispositive motion in light of the report and objections. *See* 18 U.S.C. § 3161(h)(1)(H). Finally, after litigating pretrial motions, the parties will need time to prepare the case for trial. The Court finds that all of this cannot occur by the April 23 trial date or in less than seven months. Accordingly, the Court finds that a trial continuance is necessary in order to permit new counsel the "reasonable time necessary for effective preparation," even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Stanton's Motion to Continue [**Doc. 55**] is **GRANTED**, and the trial of this matter is reset to **August 6, 2019**. The Court finds that all the time between the filing of the motion on January 28, 2019, and the new trial date of August 6, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the deadline for filing pretrial motions and/or adopting or withdrawing the pending pretrial motions is reset to **March 1, 2019**. Responses to motions are due on or before **March 15, 2019**. The parties are to appear before the undersigned for a motion hearing on **April 2, 2019, at 1:30 p.m.** The parties are to appear for a final pretrial conference on **July 9, 2019, at 1:30 p.m.** This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **July 22, 2019**. Special requests

for jury instructions shall be submitted to the District Judge no later than **July 26, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Attorney Wesley D. Stone's oral motion to withdraw as counsel of record for Defendant Stanton is **GRANTED**. Mr. Stone is relieved as counsel for Defendant Stanton;

(2) Attorney Norman D. McKellar is **SUBSTITUTED** as counsel of record for Defendant Stanton. Attorney Paige Pate is provisionally recognized as counsel for Defendant Stanton and is permitted to file a motion to appear *pro hac vice* in this case;

(3) Defendant Stanton's *pro se* motion [**Doc. 58**] is **DENIED** as improvidently filed in violation of the local rules;

(4) Defendant Stanton's Motion to Continue [**Doc. 55**] is **GRANTED**;

(5) The trial of this case is reset to commence on **August 6, 2019**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(6) All time between the filing of the Defendant Stanton's motion on **January 28, 2019**, and the new trial date of **August 6, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(7) The deadline for filing pretrial motions and for adopting or withdrawing the pending pretrial motions is extended to **March 1, 2019**;

(8) Responses to motions are due on or before **March 15, 2019**;

(9) The parties are to appear before the undersigned for a hearing on all pending pretrial motions on **April 2, 2019, at 1:30 p.m.**;

(10) The deadline for concluding plea negotiations and providing reciprocal discovery is **July 9, 2019**;

(11) The parties are to appear for a final pretrial conference in this case on **July 9, 2019, at 1:30 p.m.**;

(12) All motions *in limine* must be filed no later than **July 22, 2019**; and

(13) Special requests for jury instructions must be submitted to the District Judge no later than **July 26, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge