| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-CR-157-PLR-DCP |
| | ) |
| DAVID WELLS, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant David Wells's Motion for Release [Doc. 126], which was filed on April 1, 2020, and referred [Doc. 128] to the undersigned on April 7, 2020. Defendant Wells, who is detained pending his sentencing hearing on June 1, 2020, asks to be released immediately on his own recognizance. The Defendant argues that he is a non-violent drug offender and that to detain him during the COVID-19 pandemic is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The Government contends [Doc. 127] that the Defendant is a danger to the community and that he fails to demonstrate a compelling reason for release. The Defendant responds [Doc. 131] that he is in grave danger while incarcerated, because he is continuously exposed to a life-threatening virus, which the jail is not prepared to handle.

Although the undersigned sympathizes with the Defendant's concerns about contracting the COVID-19 virus, the Court finds the Defendant has failed to carry his burden of showing that he is not a danger if released. Additionally, the Defendant has not shown clear evidence of a compelling reason for his release pending his sentencing hearing. Accordingly, for the reasons discussed herein, the undersigned recommends that the Defendant remain detained.

## I. PROCEDURAL POSTURE AND APPLICABLE LAW

On February 13, 2020, Defendant Wells entered a plea of guilty to conspiracy to distribute and possess with intent to distribute one thousand kilograms of marijuana. On March 11, 2020, Chief United States District Judge Pamela L. Reeves accepted [Doc. 125] the Defendant's guilty plea and ordered that the Defendant remain in custody until his sentencing hearing. Because the Defendant has admitted his guilt to a violation of the Controlled Substances Act ("CSA"), for which the maximum potential sentence is ten years or more of incarceration, he must meet a higher standard to show he is eligible for release pending his sentencing hearing. *See* 18 U.S.C. § 3143 (relating to the release or detention of a defendant pending sentencing). A person found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the" CSA, 18 U.S.C. § 3142(f)(1)(C), must be detained pending sentencing, unless:

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
>
> (B) The judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis supplied). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). Defendant Wells cannot meet either subsection (A)(i) or (A)(ii), and, thus, his detention is mandatory.

The Court finds the Defendant's motion is essentially an appeal, pursuant to 18 U.S.C. § 3145(c), of Judge Reeves's order that he remain in custody pending his sentencing hearing. "A

2

person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Accordingly, a defendant appealing an order of mandatory detention must show (1) clear and convincing evidence that he or she is not likely to flee or to be a danger and (2) clear evidence of exceptional reasons why he or she should not be detained. 18 U.S.C. § 3145(c).

## II. ANALYSIS

Defendant Wells argues that he is a nonviolent drug offender and that incarcerating him during the COVID-19 pandemic unnecessarily exposes him to the virus and constitutes cruel and unusual punishment in violation of the Eighth Amendment. He also argues that the jail cannot prevent or handle an outbreak of COVID-19. Accordingly, he asks the Court to release him on his own recognizance. The Court examines whether the Defendant is a danger or a flight risk and whether there are exceptional reasons for his release.

### A. Flight Risk or Danger

In analyzing whether there are conditions of release that would reasonably assure the appearance of the Defendant at further proceedings and the safety of others and the community, the Court must evaluate the information presented by the parties in light of the factors in 18 U.S.C. § 3142(g). These factors are (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the Defendant, (3) the Defendant's history and characteristics, and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [Defendant's] release." 18 U.S.C § 3142(g)(1)-(4). Additionally, in an April 6, 2020 Memorandum, United States Attorney General William Barr stated that "the current

3

Case 3:18-cr-00157-KAC-DCP   Document 139   Filed 05/07/20   Page 3 of 11
PageID #: 2902

COVID-19 pandemic requires that we also ensure we are giving appropriate weight to the potential risks facing certain individuals from being remanded to federal custody." *See* Memorandum for All Heads of Department Components and All United States Attorneys, *Litigating Pre-Trial Detention Issues During the COVID-19 Pandemic*, April 6, 2020, *available at* https://www.justice.gov/file/1266901/download.

Finally, the Court observes that in the instant case, a rebuttable presumption applies, requiring the Court to presume that no condition or combination of conditions will reasonably assure the Defendant's appearance or the safety of the community. 18 U.S.C. § 3142(e)(3)(A). Here, the Defendant is charged with [Doc. 4] and has entered a plea of guilty to an offense under the Controlled Substances Act for which he faces a maximum sentence of ten years or more. *See* 18 U.S.C. § 3142(e)(3)(A); *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (holding that the indictment establishes probable cause for purposes of the rebuttable presumption). This presumption places the burden of production with the Defendant, who must "produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *Id*. The Government retains the burden of persuasion. *Stone*, 608 F.3d at 947.

Defendant Wells states that he is a nonviolent drug offender with a minimal criminal history. He proposes no residence or living arrangements and no conditions of release, asking only that he be released on his own recognizance.[1] In this regard the Court questions whether the Defendant has met the burden of production, as he has produced no evidence or information

---

[1] The Court requested [Doc. 129] that Defendant Wells provide proposed conditions of release and state where he intends to live in his reply. Defendant Wells declined to do so. The Court will use the Amended Pretrial Services Report ("PSR") and the Presentence Investigation Report [Doc. 34] as sources of information to inform the Court's analysis of the factors in 18 U.S.C. § 3142(g).

4

supporting a finding that he will appear and will not be a threat to the community. Nevertheless, with the aid of the Amended Pretrial Services Report ("PSR"),[2] the Court will briefly address the § 3142(g) factors.

Regarding the first factor, which is the nature and circumstances of the offense, 18 U.S.C. § 3142(g)(1), the Court finds the Defendant entered a guilty plea to conspiring to distribute and possess with intent to distribute one thousand (1,000) kilograms or more of a substance containing a detectable amount of marijuana. Because this offense involves a controlled substance, this factor weighs in favor of detention.

The Court next considers the weight of the evidence against the Defendant. 18 U.S.C. § 3142(g)(2). Our appellate court has instructed that "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Here, the Defendant has entered a guilty plea to drug trafficking, which in and of itself is dangerous. *See id.*, 608 F.3d at 947 n.6 (observing that "drug trafficking is a serious offense that, in itself, poses a danger to the community."); *United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002) (finding drug trafficking to be inherently dangerous). Our appellate court "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Id.* at 947 n.6. The Court finds this factor supports detention.

The third factor relates to the Defendant's history and characteristics to include his "character, physical and mental condition, family ties, employment, financial resources, length of

---

[2] Pursuant to a call from the United States Probation Officer preparing the PSR, defense counsel stated the Defendant proposes to live with his friend Ruth Griffiths. Ms. Griffiths lives in Louisville, Tennessee, with her mother and two minor children.

5

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Defendant Wells is in good health[3] and has ties to the Eastern District of Tennessee: His father, with whom he has a good relationship, lives in Sevierville, Tennessee, and Defendant Wells has lived in the district for seventeen years. Ruth Griffiths, who has been friends with the Defendant for eight years, is willing to allow the Defendant to live with her. Her mother, Ms. Kathey Poole, who also lives with Ms. Griffiths, is willing to be a third-party custodian for the Defendant. This information suggests Defendant Wells would not be a flight risk; however, other characteristics tip the balance in the other direction. The Defendant admits to daily marijuana use from a young age. The Court finds that if the Defendant were to resume using marijuana, it would jeopardize his ability to live with Ms. Griffiths. The Court also finds that Defendant Wells has a prior conviction for failure to appear in court, and the PSR reveals that he was on bond at the time of his arrests for other offenses. On balance, the Court finds the Defendant's history and characteristics show him to be a flight risk.

The Court also finds the Defendant's criminal history and past conduct are at odds with his contention that he is a non-violent offender. As part of the factor (g)(3)(A) analysis, the Court also considers Defendant's criminal history, including both actual convictions and mere arrests or charges, though the latter will typically weigh less heavily in favor of detention. *United States v. Tolbert*, Nos. 3:09CR56 & 3:10CR30, 2017 WL 6003075, at *5 (E.D. Tenn.

---

[3]When weighing a defendant's physical condition, "the medical risks associated with individuals being remanded into federal custody during the COVID-19 pandemic" should be considered as a part of the defendant's "physical and mental condition." *See* Memorandum for All Heads of Department Components and All United States Attorneys, *Litigating Pre-Trial Detention Issues During the COVID-19 Pandemic*, April 6, 2020, *available at* https://www.justice.gov/file/1266901/download. In the instant case, Defendant Wells does not contend that he has a physical condition that makes him more vulnerable to serious illness if he contracts COVID-19.

Dec. 4, 2017) (citations omitted). Defendant Wells has a 2009 felony conviction for theft of property between $1,000 and $10,000. Additionally, the Defendant was arrested in 2011 for disorderly conduct involving a physical altercation and in 2008 and 2009 for unlawful possession of a weapon. Finally, the Defendant received judicial diversion for statutory rape. The Defendant's arrest history, along with his judicial diversion, contradict his contention that he is a non-violent offender.

Finally, under the pertinent part of 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." "Drug trafficking is a serious offense that, in itself, poses a danger to the community." *Stone*, 608 F.3d at 947 n.6 (referencing *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("[t]he risk of continued narcotic trafficking on bail constitutes a risk to the community")). As the Court previously discussed, the Defendant has pled guilty to conspiracy to distribute in excess of 1,000 kilograms of marijuana. This factor weighs in favor of detention.

The information before the Court shows the Defendant is both a danger and a flight risk. The Court has considered the conditions proffered by the Defendant, which are that he be released on his own recognizance to live with his friend Ruth Griffiths. Although the Court commends Ms. Griffiths's willingness to support the Defendant, the Court finds the Defendant's past behavior indicates this residence would not be a good fit. Accordingly, the Court finds the proposed conditions would not reasonably assure the Court of the safety of the community or the Defendant's appearance for further proceedings in this case.

### B. Exceptional Reasons Under § 3145(c)

The Defendant argues that the Court should release him due to the risk that he will be exposed to COVID-19 while detained in the Roger D. Wilson Detention Facility ("Knox County

7

Case 3:18-cr-00157-KAC-DCP Document 139 Filed 05/07/20 Page 7 of 11
PageID #: 2906

Detention Facility"). Even if the Defendant could assure the Court that he is not a danger or a flight risk, the Court finds the Defendant has not shown exceptional reasons warranting his release pending sentencing.

Defendant Wells must show clear evidence of exceptional reasons why he should not be detained. 18 U.S.C. § 3145(c). What constitutes an "exceptional reason" for purposes of § 3145(c) is not defined in the statute. *United States v. Christman*, 712 F. Supp. 2d 651, 653 (E.D. Ky 2010). However, the plain language of the statute reveals that release, despite the requirement of mandatory detention under § 3143(a)(2), must be "infrequent" and "rare." *Id.* at 694. "[E]ven when there is solid assurance that the defendant will return for sentencing and will do no harm during the interim, § 3145(c) will provide infrequent relief." *Id.* "Exceptional reasons" should set a defendant apart from other persons convicted of similar offenses. *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993). Moreover, "even exceptional reasons would not justify release if they are based on nothing more than probability, conjecture, intuition or speculation. Instead, according to the statute's explicit language, exceptional reasons must be 'clearly shown' to render a person's detention as inappropriate." *Christman*, 712 F. Supp. 2d at 694.

In the instant case, the Defendant argues that he is constantly exposed to a life-threatening virus, which the detention facility is not prepared to handle. The Court is sympathetic to Defendant's concerns and acknowledges the unprecedented nature of COVID-19 pandemic and its effect nationwide and within Tennessee. "[A]s acknowledged by the Centers for Disease Control and Prevention ("CDC"), incarcerated individuals face an even greater risk of transmission, given the conditions frequently present in correctional and detention facilities." *United States v. Terry Pruitt*, No. 17-CR-20183-4, 2020 WL 1698661, at *6 (E.D. Mich. Apr. 8,

8

Case 3:18-cr-00157-KAC-DCP   Document 139   Filed 05/07/20   Page 8 of 11
PageID #: 2907

2020) (citing *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *2 (E.D. Mich. Mar. 27, 2020)). "These conditions include, among other things, the highly congregational environment, the limited ability of incarcerated persons to exercise effective disease prevention measures (e.g., social distancing and frequent handwashing), and potentially limited onsite healthcare services. *Id.*

However, a defendant is not entitled to release "based solely on generalized COVID-19 fears and speculation." *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) (evaluating pretrial release pursuant to 18 U.S.C. § 3142(i)). Instead, "the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary[.]" *Id.*; *see, e.g.*, *Pruitt*, 2020 WL 1698661 at *6 (holding that "[w]hile the generalized risks of COVID-19 cannot be disputed, courts evaluating whether pretrial release is necessary must evaluate the particularized risks posed to an individual defendant.") (citing *United States v. Lee*, No. 19-20112, 2020 WL 1540207, at *3 (E.D. Mich. Mar. 30, 2020)). Here, Defendant Wells raises only the generalized fear of COVID-19 applicable to any detainee. "Defendant's generalized concern about contracting COVID-19 in prison is not an exceptional reason for his release pending sentencing." *United States v. Bonner*, No. 19-20719, 2020 WL 1888830, *1 (E.D. Mich. Apr. 17, 2020).

This Court has not deemed the risk of contracting COVID-19 to be an exceptional reason under § 3145(c) in cases in which the jail has no documented cases of the virus and is taking measures to protect against an outbreak. *United States v. Gene Edward Schneff*, No. 3:19-CR-008, 2020 WL 2128576, *2 (E.D. Tenn. May 5, 2020) (Jordan, D.J.); *United States v. Joshua H. Cooper,* No. 3:19-CR-65-TAV-DCP-9 [Doc. 412] (E.D. Tenn. Apr. 28, 2020) (Varlan, D.J.).

9

Other courts have also found that the general risk posed by COVID-19 is not an exceptional reason for release under § 3145(c), particularly in the absence of any confirmed cases and the presence of protective measures at the jail. *Bonner,* 2020 WL 1888830, at *1; *United States v. Hawkins*, No. 5:19-cr-87, 2020 WL 1852797, *2 (N.D. Ohio Apr. 13, 2020); *United States v. Morris*, No. 17-107(01) (DWF/TNL), 2020 WL 1471683, **3-4 (D. Minn. Mar. 17, 2020); *United States v. Martin*, No. PWG--140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020); *see also United States v. Kerr*, No. 3:19-cr-296-L, 2020 WL 1529180, **2-3 (N.D. TX Mar. 31, 2020); *but see United States v. Fellela*, No. 3:19-cr-79 (JAM), 2020 WL 1457877, *1 (D. Conn. Mar. 20, 2020) (releasing defendant, age sixty-two with diabetes, to home confinement because of close quarters in jail).

As pointed out by the Government, the Defendant does not allege that he has been exposed to COVID-19 or that he has any symptom of the disease. Moreover, the Court observes, based on the most recent information provided by the United States Marshals Service, there are no confirmed cases of COVID-19 at the Knox County Detention Facility. The Court also finds that the detention facility is taking steps to protect the inmates and staff from the virus. The Government's response [Doc. 127] reveals that the detention facility is no longer permitting in-person visitation and is providing encrypted video teleconferencing and glass partitioned rooms for legal consultations. The detention facility is screening all inmates, staff, and vendors for symptoms, and inmates with symptoms are isolated from the general population. Finally, the Government states that inmate population at the Knox County Detention facility has been reduced, and on April 1, 2020, the detention facility had 764 inmates with beds for 1,026 inmates.

The Court finds that the Defendant's arguments about exposure to COVID-19 at the jail are speculative, in light of the lack of any known COVID-19 cases and the measures taken by the jail to mitigate exposure. Accordingly, the Defendant has not shown clear evidence of an exceptional reason for release.

## III. CONCLUSION

In summary, the Court finds that Defendant Wells has failed to demonstrate that he is not a flight risk or a danger and has failed to show an exceptional reason why mandatory detention should not apply. For the reasons stated herein, the undersigned **RECOMMENDS** the Defendant remain detained pending his sentencing hearing and that his Motion for Release [Doc. 126] be denied.[4]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).